UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, as subrogee of
Doris M. Hughes and Carol L. Brown,

    Plaintiff

v.                          Civil Action No. 2:09-0480

JOHN/JANE DOE, individually and
BOXLEY TRUCKING COMPANY, INC.,
d/b/a BOXLEY MATERIALS,
a Virginia Corporation,

    Defendants

## MEMORANDUM OPINION AND ORDER

Pending is the motion of State Farm Mutual Automobile Insurance Company ("State Farm") to remand, filed May 14, 2009.

I.

This action arises from an automobile accident occurring on January 12, 2007, in which a vehicle owned by Doris Hughes, insured by State Farm, and operated at the time by Carol Brown collided with a vehicle owned and driven by Jesse and Michelle Foster after Brown drove over "a significant amount of spilled oil or diesel fuel, causing her to lose control of her vehicle." (Compl. ¶¶ 6-8). The slippery substance was allegedly

spilled onto the road sometime prior to the accident by a truck owned and maintained by defendant Boxley Trucking Company, Inc. ("Boxley"), and driven by an unidentified driver referred to in the complaint as defendant "John/Jane Doe." (Id. at 9-10).

The Fosters instituted a civil action based upon the circumstances of the January 12, 2007, accident against Boxley and John/Jane Doe in the Circuit Court of Clay County on December 18, 2008. Their case was removed on January 29, 2009, pursuant to the court's diversity jurisdiction.

State Farm instituted this action in the Circuit Court of Clay County on January 12, 2009, alleging negligence and respondeat superior and requesting $4,758.53 in property damages and $51,000.00 for bodily injury. (Id. at ¶¶ 32, 35). The defendants removed on May 1, 2009, asserting:

> As this Court has jurisdiction pursuant to 28 U.S.C. § 1332 over the Foster plaintiff's claims, this Court shall have supplemental jurisdiction over the claims set forth against the defendant[s] in this case, as they form part of the same case or controversy from which this Court's original jurisdiction arises -- namely an alleged diesel fuel/oil leak alleging (sic) causing an accident on January 12, 2007.

(Notice of Removal ¶ 5).

The plaintiff seeks to have this action remanded on the ground that the amount in controversy is less than the

2

jurisdictional requirement of $75,000. See 28 U.S.C. § 1332(a). The defendants respond that the action was properly moved pursuant to the court's supplemental jurisdiction. See 28 U.S.C. § 1367.

## II.

Federal courts are courts of limited jurisdiction. "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Title 28 U.S.C. § 1441(a) governs federal removal jurisdiction and provides as follows:

> [a]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the . . . defendants . . . to the district court of the United States for the district and division embracing the place where such action is pending. . . .

28 U.S.C. § 1441(a) (emphasis added). Thus, a defendant may generally remove a civil action that raises a federal question, see 28 U.S.C. § 1331, or that is between citizens of different states and involves an amount in controversy exceeding $75,000, see 28 U.S.C. § 1332, because both types of cases grant federal district courts original jurisdiction. Although these are not

the only bases for a district court's original jurisdiction, they are the most common.

Supplemental jurisdiction is distinguishable from the original jurisdiction of the district courts. Title 28 U.S.C. § 1367 governs supplemental jurisdiction and provides pertinently as follows:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil <u>action</u> of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other <u>claims</u> that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C.A. § 1367(a) (emphasis added). Section 1367 does not confer original jurisdiction. <u>See, e.g., Patel v. Del Taco, Inc.</u>, 446 F.3d 996, 999-1000 (9th Cir. 2006); <u>Motion Control Corp. v. SICK, Inc.</u>, 354 F.3d 702, 705-06 (8th Cir. 2003); <u>Ahearn v. Charter Township of Bloomfield</u>, 100 F.3d 451, 456 (6th Cir. 1996) ("The supplemental-jurisdiction statute is not a source of original subject-matter jurisdiction, . . . and a removal petition therefore may not base subject-matter jurisdiction on the supplemental-jurisdiction statute, . . . even if the action which a defendant seeks to remove is related to another action

over which the federal district court already has subject-matter jurisdiction . . . .").

Inasmuch as § 1367 does not confer original jurisdiction, the defendants cannot rely upon it as a basis for removal. They assert no other basis for removal, nor does the court perceive any. The action must be remanded.

### III.

Based upon the foregoing, the court concludes that it lacks subject matter jurisdiction. The court, accordingly, ORDERS that plaintiff's motion to remand be, and it hereby is, granted. The court further ORDERS that this action be, and it hereby is, remanded for all further proceedings to the Circuit Court of Clay County.

The Clerk is directed to forward a copy of this written opinion and order to counsel of record and a certified copy to the clerk of court for the Circuit Court of Clay County.

DATED: August 17, 2009

John T. Copenhaver, Jr.
United States District Judge